**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 8 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

GARY MICHAEL POWERS and
KIMBERLY ANN POWERS,

     Plaintiffs-Appellees,

v.

MJB ACQUISITION CORPORATION, a
Wyoming corporation, d/b/a Wyoming
Technical Institute,

     Defendant-Appellant.

No. 98-8053

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
(D.C. No. 97-CV-139)

---

Diane Vaksdal Smith (David P. Hersh and Rosemary Orsini, with her on the briefs), Burg
Simpson Eldredge Hersh & Houliston, P.C., Englewood, Colorado, for Defendant-
Appellant.

Robert T. Moxley (Richard Gage with him on the brief), Gage and Moxley, Cheyenne,
Wyoming; and John E. Stanfield (Clinton D. Summerfield with him on the brief),
Stanfield & Summerfield Law Office, Laramie, Wyoming, for Plaintiffs-Appellees.

---

Before **PORFILIO**, **MAGILL**,[*] and **LUCERO**, Circuit Judges.

---

[*]The Honorable Frank J. Magill, Senior Circuit Judge for the United States Court
of Appeals for the Eighth Circuit, sitting by designation.

**PORFILIO**, Circuit Judge.

A Wyoming federal jury returned a verdict for plaintiff, Gary Michael Powers, on his claims of disability discrimination under the American Disabilities Act (ADA) and Section 504 of the Rehabilitation Act of 1973; negligence; and breach of good faith. In addition to the jury's assessment of damages, the district court awarded attorney fees. Defendant, MJB Acquisition Corporation, doing business as Wyoming Technical Institute (Wyo Tech), now challenges the legal basis of the judgment tied to the instructions given, various evidentiary rulings, and the award of attorney fees. Because we have determined the district court failed to instruct the jury that to sustain a claim of compensatory damages under the Rehabilitation Act the plaintiff must prove defendant intentionally discriminated against him, we reverse the judgment in part and remand for retrial.

At age nineteen, Michael Powers broke his back in a car accident. Two years later, he was able to walk with the aid of crutches. In 1987, nineteen years after the accident, Mr. Powers had surgery to insert two rods in his back. As a result, he became an incomplete or partial paraplegic, meaning he could walk using forearm crutches for his hands and braces on his legs. The left brace extended from above the knee to the sole of his foot, and the right from below the knee to the foot.

In 1994, when Mr. Powers and his wife, Kimberly, lived in Bul Verde, Texas, he received a mailing from Wyo Tech in Laramie, Wyoming, advertising training

opportunities which "in just 6 to 9 months" would bring a new career "with good pay." Mr. Powers contacted Wyo Tech who sent Robert Saldana, equipped with a video, catalog of classes, and an application, to visit Mr. Powers in his home. Significantly, the application included the question, "Do you have any disability that could prevent you from completing the program (i.e., physical, learning, emotional)?" to which Mr. Powers responded, "yes." Nevertheless, Mr. Saldana described how Mr. Powers could become an auto body repairman earning $36,000 a year. After Mr. Saldana's second visit, Mr. Powers called Wyo Tech in Laramie to discuss accommodations for his disability. Assured the school understood his needs, Mr. Powers completed the application and sent it along with his $100 registration fee.

Mr. Powers received his acceptance letter in November 1994, shortly after his first child was born, and the family sold their home and moved to Laramie in time for Mr. Powers to start classes on April 3, 1995. He soon discovered to participate in the auto body course, students were required to carry tools and materials for the shop work. This was a difficult task for Mr. Powers whose hands were occupied in ambulating and stabilizing his body.

On April 27, 1995, Mr. Powers attempted to move a tray of plastic filler to his project car. As he reached out to place the tray on a metal rack by the vehicle, he lost his balance and fell. He fractured his right leg in three places requiring surgery to implant rods, pins, and screws in his shattered tibia.

The fall also consigned Mr. Powers to the use of a wheelchair for the substantial part of his activity. Consequently, he was unable to complete the auto body course and dropped out of school. Wyo Tech did not refund any of Mr. Powers' $14,900 tuition.

Mr. Powers filed this action in April 1997, alleging Wyo Tech discriminated against him because of his disability and the discrimination resulted in personal injury. He sought redress under the ADA, 42 U.S.C. §§ 12101-12213; the Rehabilitation Act, 29 U.S.C. §§ 701-796*l* (the Act); and state causes of action for negligence; breach of the duty of good faith and fair dealing; fraud; and intentional infliction of emotional distress. Ultimately, the final pretrial order declared the issues to be tried were whether Wyo Tech: (1) "negligently fail[ed] to provide a safe environment" for Mr. Powers; (2) breached its "duty of good faith and fair dealing and act[ed] fraudulently by misrepresenting the accessibility of [its] programs and Plaintiff Gary Power's [sic] employability following completion of his training"; and (3) failed to provide accommodation in violation of the ADA or the Rehabilitation Act.

At trial, Mr. Powers testified to making numerous inquiries about accommodations for his class and stated Wyo Tech assured him he would have equipment available for him to use in his classes. For example, Wyo Tech promised a "motostand," a standing or sitting electrical wheelchair, to use in the shop, or an inexpensive cart with handles and friction wheels on which he could roll his tools, along with other accommodations.[1]

---

[1]Mr. Powers also testified about a device a Wyo Tech employee constructed to
(continued...)

At the close of the evidence, Wyo Tech moved for a judgment as a matter of law on each of Mr. Powers' claims. The district court denied the motion, believing all the issues should be submitted to the jury. The jury found Wyo Tech was negligent and the negligence was the proximate cause of Mr. Powers' damages; it allocated 70% to Wyo Tech and 30% to Mr. Powers and awarded $10,000 in damages. The jury further found Wyo Tech not only breached its contract with Mr. Powers but also based on a special relationship failed to act in good faith and deal fairly. It set damages at $15,000 for the breach. Although the jury found Wyo Tech did not make a false representation to Mr. Powers, it found he justifiably relied to his detriment on Wyo Tech's statements as true. Finally, the jury found Wyo Tech discriminated against Mr. Powers because of his disability and failed to provide reasonable accommodation; and for this liability, the jury awarded $560,000 in compensatory damages. Wyo Tech has appealed this judgment.

**"An Otherwise Qualified Individual"**

Wyo Tech asserts Mr. Powers is not "an otherwise qualified individual" as required by the Rehabilitation Act. It contends Mr. Powers admitted on cross-examination he did not think he could "do the work at school and at whatever job [I] could find." Moreover,

---

[1](...continued)
assist him in painting cars. An employee rigged up a pulley system, hanging Mr. Powers from the ceiling. Another employee would then pull him back and forth while he operated the paint wand. Mr. Powers stated the device was not functional because it would not travel side to side so that he could reach an entire vehicle.

Wyo Tech asserts plaintiff's expert, Robert Bradshaw, made a similar admission. It argues these circumstances make clear Mr. Powers is not qualified as a matter of law because there is no way he could perform the necessary tasks of the occupation.

In response, but without supporting authority, Mr. Powers asserts Wyo Tech is estopped from asserting this claim, pointing out the admissions committee assured him in its letter:

> [Y]our acceptance means *we have assured ourselves that you demonstrate the ability* and desire to meet the high standards we set for our students. Your acceptance also means that *you should have confidence in your ability to complete your training successfully.*

(emphasis added). Moreover, he reminds us it is uncontroverted Mr. Saldana also signed an enrollment agreement stating, "in my judgment the Student meets the requirements and standard of the School and I recommend his/her acceptance."

Section 504 of the Rehabilitation Act states: "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). A prima facie case consists of proof (1) plaintiff is handicapped under the Act; (2) he is "otherwise qualified" to participate in the program; (3) the program receives federal financial assistance; and (4) the program discriminates against plaintiff. ***Woodman v. Runyon,*** 132 F.3d 1330, 1337 (10th Cir. 1997).

Wyo Tech contends the district court erred by not granting its "motion for directed verdict"[2] on the ground that Mr. Powers was not "an otherwise qualified person" and no substantive evidence supported the verdict.[3]  We review the ruling on a JMOL *de novo* applying the same standards as the district court.  ***Wiles v. Michelin North America, Inc.***, 173 F.3d 1297, 1999 WL 231478, at *7 (10th Cir. 1999); ***Towerridge, Inc. v. T.A.O., Inc.***, 111 F.3d 758, 762 (10th Cir. 1997).  We apply the same "genuine issue" requirement as in summary judgment, ***Wiles***, 173 F.3d at ___; and we may find error in the denial of a motion for judgment as a matter of law "only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion." ***Towerridge***, 111 F.3d at 762 (quoting ***Haines v. Fisher***, 82 F.3d 1503, 1510 (10th Cir. 1996)).  "We construe the evidence and inferences most favorably to the nonmoving party." ***Id.*** (quoting ***Doan v. Seagate Tech., Inc.,*** 82 F.3d 974, 976 (10th Cir. 1996)).  Guided by these principles, we find no error in the refusal of the motion for judgment as a matter of law.

Wyo Tech's argument fails to make a distinction between the state of Mr. Powers' classification as an otherwise qualified person before and after the fall which ultimately

---

[2]Judgment as a matter of law (JMOL), Fed. R. Civ. P. 50(a).

[3]Wyo Tech has also argued the district court erred by not granting its motion for summary judgment.  That is not an appealable issue.  *See* ***Roberts v. Roadway Express, Inc.***, 149 F.3d 1098, 1103 (10th Cir. 1998).

confined him to a wheelchair. That distinction is critical here because plaintiff's claim for relief is grounded upon his condition at the time he was accepted for enrollment.

As we understand from the partial transcript in the appendices, the testimony of both Mr. Powers and his expert was that before the fall Mr. Powers was able to perform the tasks assigned in school. Indeed, he was receiving "B" grades. Yet, after he was confined to a wheelchair, both believed he was no longer capable of handling either the schooling or subsequent employment in the auto body repair field. Moreover, Wyo Tech's own pre-enrollment representations and those of its employees that Mr. Powers was physically qualified for the course of study and would be able to successfully complete it are facts from which inferences supportive of Mr. Power's case could have been drawn. Thus, we believe there is evidence in the record upon which the jury properly could have found Mr. Powers is otherwise qualified.

The same analysis can be made regarding the sufficiency of the evidence with one added consideration. The jury was instructed Mr. Powers had to prove, among other items, that he was an otherwise qualified individual to succeed in his claim under the Rehabilitation Act.[4]

We conclude Wyo Tech's argument that Mr. Powers failed to carry his burden of proving he was otherwise qualified is without merit. First, whether the issue was properly

---

[4]The term "otherwise qualified" was not defined in the instructions, and the record contains no definitional instruction tendered by Wyo Tech.

contested at trial is questionable.[5]  Second, the jury was nevertheless instructed it had to find Mr. Powers was otherwise qualified for him to succeed in his Rehabilitation Act claim.  Third, as we have already noted, there is evidence in the record from which the jury could infer that prior to his fall Mr. Powers was qualified as required by statute.  Finally, the jury returned a plaintiff's verdict on the Rehabilitation Act claim; and we must, therefore, assume it found he was qualified.

### Requested Instruction on Intentional Discrimination

Based on the premise a plaintiff must prove intentional discrimination to receive compensatory damages, Wyo Tech argues the district court erroneously instructed the jury on the element of intent to discriminate.  Ruling upon Wyo Tech's post-judgment motions, the district court observed, "intentional discrimination" is a term of art requiring something more than an incidental discrimination or evidence defendant treated plaintiff badly because of his disability.  The court observed the Supreme Court has instructed the Rehabilitation Act was adopted not only to curb "conduct fueled by discriminatory animus," but also to right "the result of apathetic attitudes rather than affirmative animus." *Alexander v. Choate*, 469 U.S. 287, 296 (1985).  The issue, then, is whether the district

---

[5]Issues not included in the pretrial order are not triable unless the order is subsequently modified.  Fed. R. Civ. P. 16(e); *Tyler v. City of Manhattan*, 118 F.3d 1400, 1403 (10th Cir. 1997).

court properly assumed intent was not an issue for the jury to weigh in assessing compensatory damages.  We think the court erred in its assumption.

Whether a district court has erred in refusing to give an instruction generally is reviewed for abuse of discretion.  ***Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.***, ___ F.3d ___, Nos. 97-1095, 97-1247, 1999 WL 292247, at *4 (10th Cir. May 11, 1999); ***Suiter v. Mitchell Motor Coach Sales, Inc.***, 151 F.3d 1275, 1285 (10th Cir. 1998).  We will, however, review all the instructions *de novo* to determine whether the absence of the requested instruction resulted in a misstatement of the applicable law to the jury.  We then determine whether the instructions, taken as a whole, conveyed the proper law and focused the jury on the relevant inquiry.  ***Id.***  Having reviewed all the instructions in context, we believe the jury was not properly guided.

Wyo Tech concedes intentional discrimination is not an element of the plaintiff's *prima facie* case.  Indeed, we said as much in ***Pushkin v. Regents of Univ. of Colo.***, 658 F.2d 1372, 1385 (10th Cir. 1981).  Thus the only question is whether Mr. Powers had to prove intentional discrimination to receive an award of compensatory damages.[6]  The answer is yes; hence, the district court's failure to so inform the jury is reversible error.

---

[6]Wyo Tech seems to equate its version of intent with the specific intent to discriminate rather than an intentional commission of an act that *results* in discrimination.  There have been a wide variety of views on this subject.  *See* Note*, Safeguarding Equality for the Handicapped: Compensatory Relief Under Section 504 of the Rehabilitation Act*, 1986 Duke L.J. 197 (1986).

Several circuits have addressed this subject and arrived at the same conclusion.  In

***Wood v. President and Trustees of Spring Hill College***, 978 F.2d 1214, 1219 (11th Cir.

1992), plaintiff contended on appeal the trial court erred by instructing the jury she could

succeed on her section 504 claim for damages only if she proved "intentional

discrimination."  The court held the instruction was proper because "precedent on Title VI

remedies, made applicable to section 504 actions . . . indicates compensatory damages are

precluded in cases of unintentional discrimination."  ***Id.*** (citations omitted); *see also*

***Carter v. Orleans Parish Pub. Schs.***, 725 F.2d 261, 264 (5th Cir. 1984).

The Second Circuit has likewise determined the necessity for proof of intentional

discrimination.  In an action under the ADA in which an applicant for admission to the

New York bar asserted she was entitled to compensatory damages because the board of

bar examiners failed to provide accommodation for her reading disability, the court held:

> In the context of the Rehabilitation Act, intentional discrimination
> against the disabled does not require personal animosity or ill will.  Rather,
> intentional discrimination may be inferred when a policymaker acted with at
> least deliberate indifference to the strong likelihood that a violation of
> federally protected rights will result from the implementation of the
> [challenged] policy . . . [or] custom.

***Bartlett v. New York State Bd. of Law Examiners***, 156 F.3d 321, 331 (2d Cir. 1998)

(citations and internal quotation marks omitted), *vacated on other grounds*, ___ U.S. ___,

1999 WL 66702 (June 24, 1999).

In another action brought by hearing disabled persons who sought damages under

the Act claiming the 911 telephone system of the City of Phoenix, Arizona, did not

- 11 -

accommodate their needs, the Ninth Circuit also made clear a claim for compensatory damages must be supported by proof of intentional discrimination. ***Ferguson v. City of Phoenix***, 157 F.3d 668 (9th Cir. 1998). There the district court had defined intentional discrimination "to include conduct which could be viewed as intentional if the City, at a minimum, acted with deliberate indifference in situations where there was a strong likelihood that the City's conduct could result in a violation of federally protected rights." ***Id.*** at 671. The circuit court agreed, observing because the district court found the evidence "hardly the stuff of intentional conduct or deliberate indifference," the "substantial corrective remedies" already provided in the form of equitable relief were sufficient to remedy plaintiffs' harm. ***Id.*** at 674-75.

We agree with the course charted by our sister circuits and hold that entitlement to compensatory damages under section 504 of the Rehabilitation Act requires proof the defendant has intentionally discriminated against the plaintiff. Further, intentional discrimination can be inferred from a defendant's deliberate indifference to the strong likelihood that pursuit of its questioned policies will likely result in a violation of federally protected rights.

In this case, not only did the trial court fail to inform the jury of the need for proof of intentional discrimination, but also it took the overt step of lining through the word "intentional" on the printed verdict form submitted to the jury, suggesting intentional discrimination was not required to sustain compensatory damages. Although we agree

- 12 -

with the district court that intentional discrimination may be words of art, we disagree that damages can be awarded if the discrimination is unintended. This issue must be retried; therefore, the remaining questions raised on appeal by Wyo Tech relating to this claim are mooted.

We need, however, to briefly address Wyo Tech's remaining contentions. Wyo Tech asserts the district court's rulings on Mr. Powers' negligence claims and denial of its motion for judgment as a matter of law on Mr. Powers' contract claim require reversal. We see no merit in any of these contentions.

Wyo Tech argues its motion for judgment as a matter of law on the negligence claim should have been granted because "Mr. Powers admitted that he did not believe that the work he was performing was dangerous." It also states the district court erroneously instructed the jury on the elements of negligence because the instruction given "incorrectly mixed a statutory standard for scrutinizing whether a defendant committed discrimination as a result of another person's disability with negligence which requires that a defendant use only ordinary care."

As we have already noted, we review denial of a motion for judgment as a matter of law *de novo* and reverse only when the evidence points one way. Recalling from the final pretrial order that the negligence issue to be tried was whether Wyo Tech "provided a safe environment," we believe Wyo Tech's argument oversimplifies the nature of the plaintiff's case. Mr. Powers' theory of recovery was based upon Wyoming law relating to duty of

care and reasonable forseeability. Our view of the record discloses ample evidence to support that theory; hence, granting judgment as a matter of law on the question of negligence would have been improper.

Moreover, although the instruction given by the court properly informed the jury of the principles of negligence as they pertained to this case, any objection to that instruction was not preserved for appeal. It appears from the record Wyo Tech's counsel, after some argument over a previous iteration of the instruction, seemingly accepted it. In any event, counsel did not object to the instruction given before the jury retired. This deprives Wyo Tech of the argument. Fed. R. Civ. P. 51.

Finally, on the breach of contract claim, Wyo Tech argues the district court erred by not granting its motion for judgment as a matter of law. It contends only the evidence showed Wyo Tech did not breach its promise to accommodate Mr. Powers' disability because plaintiff's expert opined Mr. Powers could not have completed the course "with or without accommodation." We have already indicated the record reveals that testimony referred to Mr. Powers' condition *after* he broke his leg and was confined to a wheelchair. Suffice to say, Wyo Tech's contention is merely argumentative, and there was ample evidence of its failure to provide the accommodation promised Mr. Powers when it accepted him to the program.

The judgment of the district court is **AFFIRMED IN PART**, **REVERSED IN PART**, and **REMANDED** for retrial on plaintiff's claims under the Rehabilitation Act.

Appellees' motion to dismiss the appeal and appellant's motion to supplement the record

are **DENIED.**