HOLLOWAY, Circuit Judge,
dissenting:
I respectfully dissent. Section 504 of the Rehabilitation Act provides that a qualified individual with a disability may not, solely because of his disability, be “excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. ...” 29 U.S.C. § 794(a). What the statute forbids is exactly what has occurred and is occurring here. This defiance of plain legislative intent is crystal-clear from the congressional statement that the Paralympics are “the Olympics for disabled amateur athletes.” S.Rep. No. 105-325 at 2,1998 WL 604018 (1998).

The issues presented,.

A prima facie case under section 504 requires proof (1) that the plaintiff has a disability; (2) that plaintiff is otherwise qualified to participate in the program; (3) that the program receives federal money; and (4) that the program discriminated against the plaintiff. Powers v. MJB Acquisition Corp., 184 F.3d 1147, 1151 (10th Cir.1999). In these appeals it is not contested that Plaintiffs have disabilities and that the USOC receives federal money. Therefore, the questions before us are whether the Plaintiffs are “otherwise qualified” to participate in the program and whether the USOC discriminated against the Plaintiffs.

The plaintiffs are qualified to participate in the program.

Quite obviously, this court cannot answer the first question without determining what “the program” is in this case. Indeed, resolution of these appeals turns on whether the USOC is operating one “program” or separate programs, one for the disabled and one for the able-bodied. The clear answer to that question has been provided by Congress. Section 504 defines “program or activity” to include “all of the operations of’ the covered entity. 29 U.S.C. § 794(b).[1] Plaintiffs are qualified to participate in the program; they are recognized as elite paralympic athletes whose competition in the Paralympic Games is, Congress has mandated, to be promoted by the USOC.
Thus, this case can and should be resolved by simple application of the plain language of the statute, and this court should reverse the judgment of the district court. The majority reaches the wrong result because its analysis goes off the track at the outset by failing to follow the statutory definition of “program.” As noted by the majority, Congress specifically amended the Rehabilitation Act and other statutes to broaden the definition of “program or activity.” Maj. op. at 1195, n. 1. But the majority inexplicably ignores the definition, insisting that the definition is of no moment because it is undisputed in this appeal that the Act “applies to all of the USOC’s programs .... ” Id. (emphasis added).[2]
*1199 This use of the plural reveals the circular nature of the majority’s analysis. The underlying issue (easily resolved by the plain language of the statute) is whether, in examining the USOC’s challenged activities, we should consider the USOC as operating a single program or several separate ones. The majority incorrectly assumes — there is certainly no explanation for the approach — that we are dealing with separate programs. And it is only by ignoring the statutory definition and making this assumption of dealing with separate programs that the majority is able to assert that the unequal treatment afforded to the Plaintiffs is permissible.
Not only does the majority ignore the statutory definition of “program,” but its assumption that separate programs are involved exonerates the USOC for doing just what the Supreme Court instructs must not be done — defining the benefit “in a way that effectively denies otherwise qualified handicapped individuals the meaningful access to which they are entitled.... ” Alexander v. Choate, 469 U.S. 287, 301, 105 S.Ct. 712, 83 L.Ed.2d 661 (1985).

The USOC’s program discriminates against the plaintiffs.

Plaintiffs are subject to discrimination by being denied access to benefits that are provided to Olympic and Pan American Games athletes who are not disabled. The USOC’s practice of providing health insurance and other benefits to Olympic and Pan American Games athletes, but not Paralympic athletes, clearly has a discriminatory effect. Section 504 prohibits not only intentional discrimination but, I am satisfied, also the use of criteria or methods of administration such as those involved here that have the effect of subjecting people with disabilities to discrimination. 28 C.F.R. § 41.5 l(b)(3)(l). See also Alexander v. Choate, 469 U.S. at 299, 105 S.Ct. 712.[3]
Denying benefits to Plaintiffs because they are athletes training for the Paralym-pic Games, and not the Olympic or Pan American Games, is a proxy for discriminating against them because of their disabilities. The majority’s assertion that “there is no fit between being an Olympic athlete and not being disabled,” maj. op. at 1196, demonstrates the faulty aim of its analysis. Presumably the majority would not countenance the denial of equal benefits based on gender. Yet, if such blatant discrimination existed, even then it could be said that there was “no fit” between being an Olympic athlete and being male. The USOC has shown four examples in one hundred years of disabled athletes who have competed in the Olympics or Pan American Games. The exceptions prove the rule: The policy of awarding benefits to athletes training for the Olympics or the Pan American Games while excluding those training for the Paralympic Games discriminates against the disabled. The reason that courts inquire about the “fit” between a practice and a class of protected individuals is because the fact that a practice does not discriminate against every member of a protected class is not sufficient to show that members of the protected class have the meaningful access to which they are entitled. See Lovell v. Chandler, 303 F.3d 1039, 1054 (9th Cir.2002).
*1200 For these reasons I am compelled to respectfully but emphatically dissent.

. The district court expressed substantial doubt about whether the USOC is a "covered entity." That question is not before this court, however, as the USOC has not argued that the judgment should be affirmed on the alternative ground that it is not subject to the Act.

. Indeed, the majority even accuses Plaintiffs of trying to "alter” section 504's definition of "program or activity” by discussing the reasoning of Klinger v. Dept, of Corrections, 107 F.3d 609 (8th Cir.1997). I fail to see how Plaintiffs are trying to "alter” the definition. Plaintiffs rely on the legislative definition of "program,” while the majority ignores it.

. In Choate, the Court assumed without deciding that section 504 reaches conduct that has a disparate impact on the disabled, after having noted compelling reasons to conclude that Congress intended such an interpretation and that all the circuits that have reached the issue had reached that conclusion. 469 U.S. at 295-97 & n. 17, 105 S.Ct. 712. In the instant appeal, the defendants do not contend otherwise.