File Name:  08a0585n.06
Filed:  September 30, 2008

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No.  07-6502

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

KATHY HILL,
Administrator of the Estate of
Rocky Joe Dockery,

       Plaintiff-Appellant,

v.

BRADLEY COUNTY BOARD OF
EDUCATION; BRADLEY CENTRAL HIGH
SCHOOL; ROBERT L. TAYLOR,
Superintendent and/or Director of Bradley
County Schools; ROBERT MALONE;
WILLARDEAN MALONE, dba Malone Busing,
Inc.; ADA HASTINGS, as Bus Driver for #23,

       Defendants-Appellees.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF TENNESSEE

_____/

Before:     MARTIN, ROGERS, and SUTTON, Circuit Judges.

     BOYCE F. MARTIN, JR., Circuit Judge.  Kathy Hill, as Administrator of the Estate of

Rocky Joe Dockery, appeals the grant of summary judgment dismissing her claims arising under

42 U.S.C. § 1983 and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.  Because

we find no error in the well-reasoned decision of the district court, we AFFIRM.

I.

This case arises from the tragic death of Rocky Dockery, a fifteen year-old freshman at Bradley County High School who had been diagnosed with ADHD, bipolar disorder, schizophrenia, and depression. The facts are set forth in detail in the district court's opinion, *Hill v. Bradley County Bd. of Educ.,* 2007 WL 4124495 (E.D. Tenn. Nov. 19, 2007), and are summarized here.

On the afternoon of Friday, October 1, 2004, Rocky boarded the school bus to go home. Approximately twenty minutes after the bus had left the school, Rocky approached the bus driver and asked her to let him off at a location not designated as a bus stop. When the bus driver refused, Rocky yelled, "Fuck it . . . I'll jump." He then climbed out a passenger window while the bus was still moving. Unable to maintain his grip on the outside of the moving bus, Rocky fell, suffering severe injuries. He died the next day after being removed from life support.

Hill, the administrator of Rocky's estate, filed suit against the Board of Education, Bradley County High School, and Superintendent Robert Taylor seeking damages under 42 U.S.C. § 1983 and Section 504 of the Rehabilitation Act, 20 U.S.C. § 794. Hill also alleged state law negligence claims against the bus driver and bus company. The district court dismissed Hill's federal claims with prejudice, and, declining to exercise supplemental jurisdiction over the state law claims, dismissed those without prejudice. Hill appeals the grant of summary judgment and asks this Court to remand her federal claims and to reinstate her state law claims.

II.

This Court reviews a district court's grant of summary judgment *de novo*. *Johnson v.*

*Karnes*, 398 F.3d 868, 873 (6th Cir. 2005).

## A. 42. U.S.C. § 1983

Hill argues that the Board of Education's failure to enact adequate Section 504 policies to accommodate Rocky's disabilities deprived him of protected rights, ultimately resulting in his death. Under Section 1983, the Board would be liable if its deliberate conduct or failure to act amounted to a policy or custom which was the moving force behind the deprivation of Rocky's protected rights. *See Board of County Comm'rs v. Brown*, 520 U.S. 397, 403-04 (1997); *Doe v. Claiborne County*, 103 F.3d 495, 508 (6th Cir. 1996).

As the district court noted, Hill's Complaint did "not specifically identify the theory of relief sought pursuant to § 1983," *Hill*, 2007 WL 4124495, at *13 n.2, nor did her subsequent motions or appellate briefings. Nevertheless, assuming, as the district court did, that Rocky suffered a deprivation of substantive Due Process and Section 504 rights,[1] Hill must establish: (1) a clear and persistent pattern of violations of federal rights; (2) notice or constructive notice on the part of the Board; (3) the Board's deliberate indifference in its failure to act; and (4) that the Board's deliberate indifference was the "moving force" or direct causal link in the alleged violation. *See Doe,* 103 F.3d at 508 (citing *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989)). Deliberate indifference is more than a "collection of sloppy, or even reckless, oversights." *Id.*

---

[1]The district court assumed that Rocky was deprived of his rights under the Individuals with Disabilities Education Act, Section 504, and the Due Process Clause of the Fourteenth Amendment. Hill raises only his Section 504 and Due Process claims on appeal. Whether Section 1983 is an appropriate vehicle to enforce rights under Section 504 of the Rehabilitation Act is not presently before the Court and we need not resolve that question here.

Even accepting as true Hill's allegation that the Section 504 policies were deficient (or as Hill alleges non-existent), such evidence is insufficient to conclude that the Board had a policy or custom that reflected deliberate indifference to the protected rights of its disabled students. And even if Hill could establish deliberate indifference, a reasonable jury could not conclude from the facts of this case that the Board's inaction was the moving force or direct cause of Rocky's death. We therefore affirm the district court's dismissal of Hill's Section 1983 claims.

B.   Section 504 Discrimination

Hill also alleges that the Board of Education intentionally discriminated against Rocky on the basis of his mental disabilities in violation of Section 504 of the Rehabilitation Act. 29 U.S.C. § 794. A claim of discrimination under Section 504 requires a plaintiff to show: (1) the plaintiff is a "handicapped" person under the Rehabilitation Act; (2) the plaintiff is otherwise qualified for participation in the program at issue; (3) the plaintiff is "excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely by reason of his handicap;" and (4) "[t]he relevant program or activity is receiving Federal financial assistance." *Maddox v. University of Tennessee*, 62 F.3d 843, 846 (6th Cir. 1995) (citations omitted). Hill accepts the Board's view that a showing of intent to discriminate is required under Section 504 when a plaintiff seeks damages, and that such intent may be inferred from deliberate indifference to a strong likelihood that pursuit of certain policies will result in a violation of

protected rights. *See Powers v. MJB Acquisition Corp.,* 184 F.3d 1147, 1153 (10th Cir. 1999).[2]

Again, Hill argues that the deficiencies in Section 504 policies and specific incidents demonstrate deliberate indifference. Those incidents include allegations of Rocky's promotion to ninth grade for non-academic reasons, the failure by the school to put in place an expedited Section 504 evaluation and accommodation plan, forcing Rocky to reduce his medication, suspending Rocky without taking his mental disabilities into consideration, failing to act appropriately in response to Rocky's suicide notes, failing to provide Rocky with special transportation, failing to stop harassment by other students, and failing to stop the bus immediately when Rocky stated he would jump. However, the district court analyzed each of those allegations thoroughly and properly concluded that they were either unsupported or did not independently or collectively amount to deliberate indifference. There is simply insufficient evidence to find intentional discrimination in violation of Section 504.

### III.

We find the well-reasoned decision of the district court to be without error, and therefore AFFIRM the judgment.

---

[2] Because the parties agree on the law, we accept this interpretation without deciding the level of requisite intent.