FILED
United States Court of Appeals
Tenth Circuit

December 23, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JANE DOE,

      Plaintiff-Appellant,

v.

OKLAHOMA CITY UNIVERSITY;
OKLAHOMA CITY UNIVERSITY
SCHOOL OF LAW; OKLAHOMA
CITY UNIVERSITY BOARD OF
TRUSTEES,

      Defendants-Appellees.

No. 10-6020
(D.C. No. 5:08-CV-00477-R)
(W.D. Okla.)

---

**ORDER**

---

Before **TACHA**, **LUCERO**, and **MURPHY**, Circuit Judges.

This matter is before the court on Appellant's Petition for Rehearing En Banc and Emergency Motion to Seal Entire Record on Appeal. To the extent Appellant seeks panel rehearing, that request is DENIED. The petition for rehearing en banc was transmitted to all of the judges of the court who are in regular active service. As no member of the panel and no judge in regular active service requested that the court be polled, Appellant's petition for rehearing en banc is also DENIED.

Appellant's motion to seal the record on appeal is GRANTED in part and DENIED in part, as follows. Everything that has been filed in this appeal shall be sealed, with the exception of our order and judgment, dated November 2, 2010. We have, however, revised that order and judgment in order to protect Appellant's identity. The original order and judgment filed November 2, 2010, is withdrawn. The revised order and judgment, filed nunc pro tunc to the original filing date, is attached.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

November 2, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JANE DOE,

        Plaintiff-Appellant,

v.

OKLAHOMA CITY UNIVERSITY;
OKLAHOMA CITY UNIVERSITY
SCHOOL OF LAW; OKLAHOMA
CITY UNIVERSITY BOARD OF
TRUSTEES,

        Defendants-Appellees.

No. 10-6020
(D.C. No. 5:08-CV-00477-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **LUCERO**, and **MURPHY**, Circuit Judges.

Jane Doe appeals pro se from a district court order granting summary

judgment in favor of defendants Oklahoma City University (OCU), OCU Law

School, and the OCU Board of Trustees on her claims stemming from alleged

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

discrimination based on learning disabilities. Ms. Doe also challenges an order

that denied her motion for sanctions against the defendants for alleged spoliation

of evidence. We exercise our jurisdiction under 28 U.S.C. § 1291 to affirm.

## I. Background

The relevant factual background as well as the procedural history of this

case is amply set forth in the district court's comprehensive order of dismissal

and need not be repeated at length here. Suffice it to say, Ms. Doe has been

diagnosed with a number of learning disabilities, including attention deficit

hyperactivity disorder and dyslexia. Twice she has been dismissed as a student

from OCU Law School after failing to maintain the required minimum grade point

average of 4.5 on a 12-point scale. In April 2008, she filed this action, alleging

that her second dismissal from OCU Law School, after the Fall 2005 semester,

was the result of discrimination based on her learning disabilities. Ms. Doe's

complaint stated claims under Title III of the Americans with Disabilities Act

(ADA), 42 U.S.C. § 12182(a); section 504 of the Rehabilitation Act, 29 U.S.C.

§ 794(a); and included several state law claims, including breach of contract,

negligence, and a "*Burk* tort claim"[1] for alleged violations of the Oklahoma

---

[1]    In *Burk v. K-Mart Corp.*, 770 P.2d 24, 29 (Okla. 1989), the Oklahoma
Supreme Court created a narrow exception to the employment-at-will doctrine,
holding that "an employee [who] is discharged for refusing to act in violation of
an established and well-defined public policy or for performing an act consistent
with a clear and compelling public policy" may bring a tort claim for wrongful
discharge.

Anti-Discrimination Act, Okla. Stat. tit. 25, § 1101 *et seq.* The district court granted summary judgment, concluding that Ms. Doe failed to present a genuine issue of material fact as to both her state law claims and her claim that OCU Law School acted intentionally or with deliberate indifference to a federally protected right.

During discovery, Ms. Doe had asked the defendants to produce copies of other students' written exams from the Fall 2005 semester Legal Profession course in order to show that her own exam was scored unfairly. The district court ordered OCU Law School to produce the requested exams. The exams, however, had been destroyed years earlier in accordance with OCU Law School's general practice of discarding all undisputed exams after one year. Ms. Doe then filed a motion asking the district court to sanction the defendants for destroying relevant evidence. She requested entry of judgment against the defendants, or, at a minimum, an adverse-inference instruction to the jury.

On January 22, 2010, the district court entered its summary judgment ruling as well as its order denying Ms. Doe's motion for sanctions. This appeal followed.

## II.  Discussion

### A.  Summary Judgment

We review de novo a district court's grant of summary judgment under Federal Rule of Civil Procedure 56(c).  *Duvall v. Georgia-Pacific Consumer Prods. L.P.*, 607 F.3d 1255, 1259 (10th Cir. 2010).  In doing so, we apply the same standard as the district court and "must affirm if the record reveals no genuine issue of material fact and if the moving party . . . is entitled to judgment as a matter of law."  *Id.*  "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks and brackets omitted).  In applying Rule 56, "we examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party[,]" in this case Ms. Doe.  *Id.* (internal quotation marks omitted).

### 1.  ADA and Rehabilitation Act Claims

"Title III of the ADA prohibits discrimination against persons with disabilities in places of public accommodation."  *Colorado Cross Disability Coalition v. Hermanson Family Ltd. P'ship I*, 264 F.3d 999, 1001 (10th Cir. 2001).  "Discrimination under Title III specifically includes the failure to make reasonable modifications in policies, practices, or procedure to accommodate a

-4-

disabled individual, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of the services." *Mershon v. St. Louis Univ.*, 442 F.3d 1069, 1076 (8th Cir. 2006) (citing 42 U.S.C. § 12182(b)(2)(A)(ii)). "Likewise, the Rehabilitation Act requires reasonable accommodations when an 'otherwise qualified' disabled student would otherwise be denied meaningful access to a university." *Id.* (internal quotation marks and citation omitted). Neither Title III of the ADA nor the Rehabilitation Act require a graduate school to admit "a disabled student who cannot, with reasonable accommodations, otherwise meet the academic standards of the program." *Id.*

> Thus, in the higher education context, a person alleging a failure to accommodate under Title III or the Rehabilitation Act must show (1) that the plaintiff is disabled and otherwise qualified academically, (2) that the defendant is a private entity that owns, leases or operates a place of public accommodation (for ADA purposes) and receives federal funding (for Rehabilitation Act purposes), and (3) that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation[.]

*Id.* (internal quotation marks omitted).

There is no dispute in this case that OCU Law School made efforts to accommodate Ms. Doe's learning disabilities. The school provided her with a separate, quiet environment in which to take exams and gave her twice as much time as other students to complete her exams. It is also undisputed, however, that due to a glitch in the software used to administer computer-written exams

(ExamSoft), the duration of exams taken in the 2005 Fall semester was inadvertently noted on each student's exam cover sheet.[2]  Consequently, although exams were graded anonymously–each student was assigned a three-digit number–because Ms. Doe's extra time was disclosed, theoretically a professor grading her exam would know, at a minimum, that the exam was accommodated.

Ms. Doe argues that her extra time "stood out like a sore thumb" on her exam cover sheets, R. Vol. 1 at 161, and she asserts by affidavit that at least one professor, Carla Spivack (a first-year legal profession teacher), used the disclosure of extra time to identify her 2005 Fall semester exam.  In her affidavit, Ms. Doe accuses Professor Spivack of grading her exam "differently than [those of] any other student."  *Id.*  She also claims that Professor Spivack "made an error in the calculation of checks that [she] was awarded," which resulted in her receiving a D grade instead of a C-.  *Id.* at 161-62.  After the 2005 Fall semester, Ms. Doe was dismissed from OCU Law School due to her failure to maintain the minimum grade point average.  She claims that a C- grade in Professor Spivack's class would have placed her "in good academic standing."  *Id.* at 162.

Thus, although Ms. Doe was granted an accommodation, her theory of discrimination appears to be that the accommodation was effectively negated by

---

[2]     Like many students, Ms. Doe opted to take her exams on a laptop computer using ExamSoft, as opposed to writing them in a traditional blue book.

Professor Spivack's unfair grading.[3]  She emphasizes a comment allegedly made by Professor Spivack when the two met to discuss Ms. Doe's grade.  According to Ms. Doe, "[a]fter acknowledging that she had made an error in the calculation of checks that [Ms. Doe] was awarded, [Professor Spivack] stated that any error she made would not change [Ms. Doe's] grade because [she] received extra time."  *Id.* at 161-62.  Professor Spivack allegedly told her, "'[y]ou do not belong in law school since you cannot even do well when given extra time.'"  *Id.* at 162.

In ruling on the defendants' summary judgment motion, the district court first held that in order to prevail, Ms. Doe would have to prove intentional discrimination as to both her ADA and Rehabilitation Act claims.  The district court was correct with respect to the Rehabilitation Act; a claim under § 504 requires proof of intentional discrimination.  *See Powers v. MJB Acquisition Corp.*, 184 F.3d 1147, 1153 (10th Cir. 1999) (adopting intentional discrimination standard and holding that it can be "inferred from a defendant's deliberate indifference to the strong likelihood that pursuit of its questioned policies will likely result in a violation of federally protected rights").  A claim for injunctive relief under Title III of the ADA, however, is not dependent upon a showing of discriminatory intent.  *See Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 846

---

[3]  Ms. Doe does not articulate her theory as such, but as all of her pleadings in the district court and this court were filed pro se, they are entitled to a solicitous construction.  *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

(9th Cir. 2004) ("It is undisputed that a plaintiff need not show intentional discrimination in order to make out a violation of [Title III of] the ADA."); *cf Chaffin v. Kan. State Fair Bd.*, 348 F.3d 850, 858 (10th Cir. 2003) (noting, in case under Title II, that "in enacting the ADA . . . Congress prohibited a broad, comprehensive concept of discrimination, beyond discrimination motivated by hostile discriminatory purpose"). The district court's statement that a showing of wrongful intent is required under Title III of the ADA was therefore incorrect.

We conclude that the error was harmless, however, because Ms. Doe's ADA claim is not based on disparate treatment or any other theory of unintentional discrimination. Rather, Ms. Doe claims that Professor Spivack purposefully discriminated against her because she had extra time to complete her exam. But even if a fact finder were to credit Ms. Doe's testimony on this issue, there is no evidence that her dismissal from OCU Law School was discriminatory. The law school warned her after the Fall 2004 semester that she was not in academic good standing. After the Spring 2005 semester, Ms. Doe was placed on academic probation and warned that she would be dismissed if she did not raise her GPA to 4.5. When she failed to do so, the law school followed through with the dismissal. Thus, it is misleading for Ms. Doe to argue that she was dismissed because of her poor grade in Professor Spivack's class. Furthermore, Professor Spivack maintains that Ms. Doe's exam was a D, even correcting for her checkmark miscalculation, because "Ms. Doe did not discuss the same relevant

-8-

material as did examinees with higher grades." R. Doc. 37, Ex. 23. This opinion from a university faculty member concerning her student's academic performance is entitled to great deference. *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 225 (1985). In sum, all of the evidence of record, viewed in the light most favorable to Ms. Doe, supports OCU Law School's position that it dismissed Ms. Doe solely because of her poor academic performance. We therefore agree with the district court that Ms. Doe's evidence does not create a fact issue as to whether she was discriminated against because of her disability.

### 2. State Law Claims

The district court dismissed Ms. Doe's *Burk* tort claim under Oklahoma's Anti-Discrimination Act as a matter of law, explaining that *Burk* "only applies to wrongful employment terminations." R. Vol. 1 at 364 (citing *Clinton v. State ex rel Logan Cty. Elec. Bd.*, 29 P.3d 543, 547 (Okla. 2001) (overruled on other grounds)). It concluded that her breach of contract claim must also fail because OCU Law School's student handbook, upon which the claim was based, plainly stated that it did not form a contract between the students and the university. And even if it did, the district court concluded there was insufficient evidence "from which reasonable jurors could find a material breach of that contract so as to create a genuine issue of material fact." R. Vol. 1 at 366. The district court likewise found insufficient evidence to withstand summary judgment as to the promissory estoppel and negligence claims. The court explained that an essential

element of promissory estoppel is detrimental reliance, and it found no evidence that Ms. Doe relied on implied promises concerning the defendants' grading policies in deciding to attend OCU Law School. Ms. Doe's negligence claim was predicated on the defendants' alleged failure to properly train university faculty members with respect to their obligations to disabled students under Title III of the ADA. Because it concluded that Ms. Doe had failed to show discrimination in violation of the ADA, the district court determined that her negligence claim must also fail for lack of damages.

We affirm the dismissal of Ms. Doe's state law claims for substantially the same reasons given by the district court in its order of January 22, 2010.

### B. Sanctions Motion

We also affirm the district court's decision on sanctions. A trial court's refusal to grant sanctions for spoliation of evidence is reviewed for abuse of discretion. *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 989 (10th Cir. 2006). To win her sanctions motion, Ms. Doe was required to show that the defendants had a duty to preserve the evidence because they knew, or should have known, that litigation was imminent. *Id.* In this case, it appears that at the time OCU Law School discarded the Fall 2005 exams, Ms. Doe had initiated a state action against the defendants premised on an allegation that OCU Law School breached the grade appeal procedure set forth in its student handbook. That separate lawsuit, however, did not include any allegations or claims of

discrimination, and consequently, it did not put the defendants on notice that discrimination claims were forthcoming. Under these circumstances, the district court did not abuse its discretion in concluding that sanctions were not appropriate.

Ms. Doe's motion to proceed in forma pauperis is GRANTED and the judgment of the district court is AFFIRMED.

Entered for the Court


Deanell R. Tacha
Circuit Judge