FILED
United States Court of Appeals
Tenth Circuit

November 14, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EMILY MCCULLEY,

      Plaintiff - Appellant,

v.

THE UNIVERSITY OF KANSAS
SCHOOL OF MEDICINE; STEVEN
STITES, M.D.,

      Defendants - Appellees.

No. 13-3299
(D.C. No. 2:12-CV-02587-JTM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **MATHESON**, Circuit Judges.

Emily McCulley is an accomplished young woman suffering from a serious

disability who filed suit against the University of Kansas School of Medicine

("KUSOM") after it rescinded her admission. The district court granted summary

judgment to KUSOM, concluding that accommodating McCulley's disability would

require it to make substantial changes to its educational program that go beyond what the

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 32.1.

Americans with Disabilities Act ("ADA") requires. Although we sympathize with McCulley's desire to pursue her goals, exercising jurisdiction under 28 U.S.C. § 1291, we **AFFIRM**.

I

Emily McCulley suffers from Type III spinal muscular atrophy, which necessitates use of a wheelchair for mobility and limits her arm strength. In 2011, she was admitted to KUSOM. The school's accreditation requires that it articulate "technical standards" which all admitted students must meet. This includes a Motor Technical Standard, which mandates that students "be physically able to . . . carry out diagnostic procedures" and "provide general care and emergency treatment to patients," including CPR, opening obstructed airways, and "obstetrical maneuvers."

Shortly after her admission, KUSOM sent McCulley a form asking her to describe any accommodations she might need. She returned the form in February 2012, and met with various KUSOM staff to discuss her needs in March. After the meeting, McCulley provided a more detailed explanation of her requested accommodations. KUSOM staff consulted with the school's clinical faculty, who provided a list of physical requirements for their clinical training. KUSOM sent McCulley this list of requirements in May 2012. The school requested that she give the list to her physician, Scott Meyers, so he could indicate specific accommodations needed for each physical requirement. In July, Meyers completed the form, indicating that McCulley would need a staff person to assist her with lifting and positioning patients, stabilizing elderly patients, and performing basic life

support.

KUSOM clinical faculty reviewed the requested accommodations. Based on their recommendations, KUSOM Interim Dean Steven Stites concluded that McCulley could not meet KUSOM's Motor Technical Standard, and rescinded her admission.

On September 5, 2012, McCulley filed a complaint asserting that the ADA and Rehabilitation Act entitled her to compensatory damages and an order that her admission to KUSOM be reinstated. The district court granted summary judgment in KUSOM's favor. McCulley now appeals to this court.

## II

We review the district court's grant of summary judgment de novo. Bohn v. Park City Grp., 94 F.3d 1457, 1460 (10th Cir. 1996). Summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "We view the summary judgment evidence in the light most favorable to the non-movant, applying the same standard as the district court." Bertsch v. Overstock.com, 684 F.3d 1023, 1027 (10th Cir. 2012).

## A

We apply the same analysis to claims brought under the ADA and the Rehabilitation Act. See Cohon ex rel. Bass v. N.M. Dep't of Health, 646 F.3d 717, 725-26 (10th Cir. 2011). Although these statutes sometimes mandate accommodations, public entities are not required to modify their programs to accommodate a person with a disability if they "can demonstrate that making the modifications would fundamentally

-3-

alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7). To fit within this exception, an institution must prove that the requested modifications would fundamentally alter the nature of its program. Fisher v. Okla. Health Care Auth., 335 F.3d 1175, 1181 (10th Cir. 2003). The Supreme Court has held that requiring a nursing school to provide a staff person to help a hearing-impaired student would meet this standard. Se. Cmty. Coll. v. Davis, 442 U.S. 397, 404 (1979). Last year, we concluded that "[c]ompelling an educational institution to change its requirements for advancement through its medical school program would represent a substantial, rather than a reasonable accommodation, because it would fundamentally alter the nature of the educational services and program it provides." Cunningham v. Univ. of N.M. Bd. of Regents, 531 F. App'x 909, 920 (10th Cir. 2013) (unpublished) (citations and quotations omitted). In academic matters, we often defer in substantial part to the professional judgment of educational institutions. See Regents of the Univ. of Mich. v. Ewing, 474 U.S. 214, 225 (1985) (deferring to university in a due process context).

McCulley claims her requested accommodations would not fundamentally alter the nature of KUSOM's program. But McCulley does not successfully rebut the defendants' argument that providing a staff surrogate to lift patients, administer basic life support, and perform other tasks for McCulley would render her an observer. As in Davis, having a staff member interact with patients on McCulley's behalf would fundamentally alter the nature of her medical education, which trains her to engage with patients, often in emergency situations where assistance is unavailable. And just as the

-4-

medical school in <u>Cunningham</u> was asked to change requirements related to its graduation standards, McCulley asks KUSOM to change its Motor Technical Standards, which are related to its accreditation.

Although McCulley does not intend to pursue a physically demanding specialty, she must nevertheless meet KUSOM's Motor Technical Standards because KUSOM uses a broad, undifferentiated medical curriculum that prepares students to serve as physicians in a wide range of practice areas. The ADA does not authorize us to make sweeping revisions to the content of medical school curricula. Moreover, the clinical procedures that McCulley seeks to have staff members perform on her behalf are not KUSOM's arbitrary constructs. They are required as part of the United States Medical Licensure Examination.

Because we agree with the district court that the defendants have carried their burden to show that McCulley's request would constitute a fundamental alteration within the meaning of 28 C.F.R. § 35.130, we do not need to reach the question of whether McCulley is a "qualified individual" within the meaning of the ADA.

**B**

"To recover compensatory damages under § 504 [of the Rehabilitation Act], a plaintiff must establish that an agency's discrimination was intentional." <u>Barber ex rel. Barber v. Colo. Dep't of Revenue</u>, 562 F.3d 1222, 1228 (10th Cir. 2009). "[I]ntentional discrimination can be inferred from a defendant's deliberate indifference to the strong likelihood that pursuit of its questioned policies will likely result in a violation of

federally protected rights." Powers v. MJB Acquisition Corp., 184 F.3d 1147, 1153 (10th Cir. 1999).

McCulley argues that KUSOM intentionally discriminated against her on the basis of her disability when it rescinded her admission. But as we held above, KUSOM was permitted to refuse to fundamentally alter its program. Further, even had McCulley proven that her requested accommodations were reasonable and would not fundamentally alter the program, KUSOM was hardly indifferent to McCulley's need for accommodations. It engaged in an iterative process with her and allowed her ample opportunity to request accommodations and demonstrate their feasibility. Compensatory damages are therefore inappropriate.

### III

Our disposition should not be read as holding that medical schools cannot reasonably admit McCulley or other students with similar disabilities. We are impressed by McCulley's achievements, and we hope that—regardless of whether she ultimately attends medical school—she is able to employ her passion and skills in the service of those in need. Cf. Davis, 442 U.S. at 414 ("One may admire respondent's desire and determination to overcome her handicap, and there well may be various other types of service for which she can qualify."). However, requiring KUSOM to admit McCulley and provide her the accommodations she requested would alter its educational program over and above what the ADA and Rehabilitation Act require.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge
